UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MT. HAWLEY INSURANCE COMPANY,                    Case No. 1:24-cv-04256-LGS

                Plaintiff,

  -against-                                                          **ORDER GRANTING DEFAULT JUDGMENT**

TRI COUNTY MARINE CONTRACTOR
OF FLORIDA, INC.

                Defendant(s).
-------------------------------------------------------X

Upon the Summons, Complaint and default judgment papers filed by Plaintiff in this action, and Defendant having failed to appear at the show-cause hearing on February 12, 2025,

**IT IS HEREBY ORDERED** that Plaintiff Mt. Hawley Insurance Company's Motion for Default Judgment is hereby granted. Pursuant to Federal Rule of Civil Procedure 55(a),

**IT IS HEREBY FURTHER ORDERED** that Plaintiff Mt. Hawley Insurance Company is entitled to a judgment against Defendant Tri County Marine Contractor of Florida Inc. declaring that Plaintiff, Mt. Hawley Insurance Company has no duty to defend or indemnify Tri-County in connection with the action captioned as *Lauren Maurer v. Tri-County Marine Contractor of Florida, Inc., d/b/a Tri-County Marine, et al.* in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE 21 015391 (08) ("the *Maurer* action") because:

    (a) the claims at issue in the *Maurer* action fall outside the scope of coverage afforded to Tri-County under the Mt. Hawley Policy given the Classification Limitation Endorsement which limits coverage under the Mt. Hawley Policy to concrete and fencing work;

    (b) the claims at issue in the Maurer action fall wholly within the Mt. Hawley Policy's Breach of Contract Exclusion;

    (c) the claims at issue in the *Maurer* action are either (1) not the result of an "Occurrence" and are excluded by the Mt. Hawley Policy's "Your Work" exclusion, or (2) fall wholly within the Mt. Hawley Policy's "Movement of Land" Exclusion;

(e) the claims at issue in the *Maurer* action fall wholly within the Mt. Hawley Policy's Professional Services Exclusion.

Dated: New York, New York

February 13, 2025          The Clerk of Court is respectfully directed to close the motion at Dkt. No. 27 and to close the case.

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

"[A] defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.*

The Court has subject-matter jurisdiction pursuant to 28 U.S. Code § 1332. The Court has personal jurisdiction over Defendant pursuant to New York General Obligations Law §§ 5-1401 and 5-1402 because the parties' insurance contract includes a New York choice of law provision and the amount in controversy is $1,000,000.

The Complaint sufficiently alleges that the claims at issue in the related *Maurer* action fall outside the scope of coverage because they are not covered by the express terms "Concrete Construction" and "Fence Erection" in the parties' insurance contract. The Complaint also sufficiently alleges that the claims at issue in the related *Maurer* action are specifically disclaimed by the parties' insurance contract because they stem from Defendant's breach of contract or fall within other exceptions of the insurance contract. Thus, the Complaint sufficiently alleges that Plaintiff has no duty to defend or indemnify Defendant in the related *Maurer* action. *See Gilbane Bldg. Co./TDX Constr. Corp. v. St. Paul Fire & Marine Ins. Co.*, 97 N.E.3d 711, 713 (2018).

Default judgment is granted on Plaintiff's claim for a declaratory judgment that it has no duty to defend or indemnify Tri-County in connection with the *Maurer* action.